UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FEDERICO CAINAS                                    07 CV 11401 (SHS)
AND DANIEL CAINAS,

                          Plaintiffs,

                                                   VERIFIED COMPLAINT
        -against-                                  AND DEMAND FOR
                                                   A JURY TRIAL
THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER CHRISTOPHER
BUCKLEY, SHIELD # 05173, AND
N.Y.C. POLICE OFFICER "JOHN DOE",
EACH SUED INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY,

                          Defendants.

-------------------------------------------------------------X

        1.    This is an action for compensatory and punitive damages for violation of

Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

## JURISDICTION

        2.  This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded

upon 28 U.S.C. § 1343.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that

all claims arose in this district.

## PARTIES

        3.  Plaintiffs are residents of the City of New York, New York County, in the

State of New York.

        4.  At all times hereinafter mentioned, the Defendant officers were employees of

the New York City Police Department (HEREINAFTER REFERRED TO AS

"N.Y.P.D.") acting within the scope and authority of their employment.

        5.    They are being sued individually and in their official capacity as New

York City Police Officers.

6.   The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the Defendant New York City Police Department and employed the individual Defendants sued herein.

7.   That upon information and belief the City was responsible for the training of its police officers.

8.   That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

9.   That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights of the plaintiffs.

<u>FACTS</u>

10.   On or about October 4, 2006, at approximately 3:00 P.M., outside of plaintiff's restaurant Havana Chelsea, located at 188 8th Avenue, New York, New York, plaintiff Federico Cainas was lawfully outside of his establishment when he was confronted by an individual named James Roldos, who resided in an apartment above the restaurant.

11.   Federico Cainas and James Roldos exchanged words and then James Roldos went upstairs and Federico Cainas went back inside his restaurant.

12.   Apparently James Roldos called the police and claimed that Federico Cainas's conduct towards him was in violation of an Order of Protection.

13.   Approximately fifteen minutes later, defendant police officers arrived and inquired who was Federico Cainas. Federico Cainas went outside to talk to the police officer. 14.   Shortly thereafter, his son Daniel Cainas went outside to translate for his father, who is not fluent in English.

15.   Additional officers arrived, and they surrounded Federico Cainas and

conducted a pat-down frisk of his person.

16.    Daniel Cainas asked the officers why they were arresting his father and was told he had violated an Order of Protection.

17.    Daniel Cainas informed the officers that the Order of Protection against his father had expired. He requested that they check whether it was still valid. Additionally, he told them that the Order had allowed "incidental conduct" due to the proximity of the restaurant with Mr. Roldos's residence.

18.    The officers told Daniel Cainas to "shut up. This is none of your business. Go inside or we'll lock you up."

19.    One more time, Plaintiff said he had a right to question whether the Order of Protection was expired, and he started to walk inside.

20.    The police officer went inside the restaurant, grabbed Daniel Cainas, slammed him against the counter and arrested him. Both plaintiffs were arrested and taken to the precinct.

21.    At the front desk in the precinct, Daniel Cainas heard that he was being charged with "OGA", which is shorthand for "Obstruction of Governmental Administration". Federico Cainas was told he was being charged with violating an Order of Protection.

22.    After approximately 5-7 hours in a holding cell, the police released Federico Cainas without charging him violating the Order of Protection, as the Order had, in fact, expired. Instead, they issued him a summons in which the police officer falsely claimed that he had personally witnessed Federico Cainas engage in violent or threatening behavior on a public sidewalk.

23.    Daniel Cainas was not ultimately charged with Obstructing Governmental Administration, but was instead accused of violating an order of protection, as James Roldos had apparently changed his story after learning that the Order of Protection against the father had expired. Now, according to Police Officer Buckley, he informed

the police that Daniel Cainas had also threatened him on the sidewalk that day, although he had never mentioned that previously to the officers.

24.     Plaintiff Daniel Cainas was held for almost 24 hours before he saw a judge wand was released at his arraignment.

25.     All of the paperwork prepared regarding these false charges was prepared by defendant officer.   The defendant officers included in their paperwork material misstatements of fact which they knew to be false.

26.     On December 12, 2006, the disorderly conduct summons (Summons #22061560-0) Docket # 2006SC014823) was dismissed in Mid-Town Court by Judge Weinberg.

27.     On May 30, 2007, after numerous court appearances, the criminal charge was dismissed against Daniel Cainas (Docket # 2006NY067433).

28.     As a result of Plaintiffs' false arrest, and incarceration, constituting a violation of their civil rights, Plaintiffs suffered degradation, humiliation, loss of reputation and esteem and various other emotional and economic injuries.

29.   Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to prevent the exercise of such tendencies.

30.   Defendants City and N.Y.P.D. knew or should have known that prior to the arrest date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of defendant officers was occurring, in that there were reports of such unlawful conduct by these specific officers.

31.  Defendants City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

FOR A FIRST CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

32. Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

33.  As a result of their actions, Defendants, individually, and in conspiracy with each other, under "color of law", deprived plaintiff of his right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

34.  Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions.

35.  As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries, endured great pain and mental suffering, and was deprived of his liberty.

FOR A SECOND CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

36.   Plaintiff reiterates and realleges the facts stated in the above-stated paragraphs as if stated fully herein.

37.  Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth

Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

38. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above and thus, Defendant City is liable for Plaintiff's injuries.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant officers, and The City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant officers punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated:        New York, New York
              December 13, 2007

                              **RESPECTFULLY,**



                              **STEVEN A. HOFFNER, ESQ.**
                              Attorney for the Plaintiff
                              350 Broadway, Suite 1105
                              New York, New York 10013
                              (212) 941-8330
                              (SH-0585)

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
      December 13, 2007

                                      _____
                                      STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FEDERICO CAINAS
AND DANIEL CAINAS,

                Plaintiffs,                      VERIFIED COMPLAINT
                                              AND DEMAND FOR
     -against-                            A JURY TRIAL

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER CHRISTOPHER
BUCKLEY, SHIELD # 05173, AND
N.Y.C. POLICE OFFICER "JOHN DOE",
EACH SUED INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY,

                Defendants.

-------------------------------------------------------------X


To:  Michael A. Cardozo
     Corporation Counsel
     Attorney for Defendants
     100 Church Street
     N.Y., N.Y. 10007