UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FEDERICO CAINAS and DANIEL CAINAS,

                                  Plaintiffs,

           -against-

CITY OF NEW YORK, N.Y.C. POLICE OFFICER
CHRISTOPHER BUCKLEY, SHIELD #05173, AND
N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED
IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL
CAPACITY,

                                  Defendants.

**ANSWER**

07-cv-11401 (SHS)(FM)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendant City of New York[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to bring this action, invoke the jurisdiction of the Court and to base venue as stated therein.

        3. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

        4. Paragraph "4" of the Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as "Christopher Buckley" has not been served with a copy of the summons and complaint in this matter, and therefore, he is not currently a party to this action.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiffs purport to sue defendants as stated therein.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing by virtue of the laws of the State of New York and that it maintains a police department.

7. Paragraph "7" of the Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required. To the extent a response is deemed required, denies except admits that the City trains its police officers.

8. Denies the allegations set forth in paragraph "8" of the Complaint

9. Denies the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that police officers arrived.

14. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admits that additional officers arrived at the scene.

16. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiff Federico Cainas violated an order of protection.

17. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admits plaintiffs were arrested.

21. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiff Federico Cainas received a summons.

23. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-31" inclusive of this answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-35" inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

39. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

40. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant is entitled to governmental immunity from liability.

- 5 -

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

41. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

42. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

43. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

44. The actions of any police officers involved were justified by probable cause.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

45. Plaintiffs' claims may be barred in whole, or in part, by the applicable limitations period.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

46. Plaintiffs provoked the incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

47. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the state of New York or any political subdivision thereof.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

48. Plaintiffs have failed to comply with conditions precedent to suit under state law.

- 6 -

**WHEREFORE,** defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 14, 2008

    MICHAEL A. CARDOZO
    Corporation Counsel of the
      City of New York
    Attorneys for Defendant City of New York
    100 Church Street, Room 3-142
    New York, New York 10007
    (212) 676-1347

By: _____
    Brooke Birnbaum
    Assistant Corporation Counsel

TO:   Steven Hoffner, Esq.
      Attorney for Plaintiffs
      350 Broadway
      Suite 1105
      New York, New York 10013

- 7 -

Index No.  07-cv-11401 (SHS)(FM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| FEDERICO CAINAS and DANIEL CAINAS,<br><br>                                                              Plaintiffs,<br><br>                             -against-<br><br>CITY OF NEW YORK, N.Y.C. POLICE OFFICER CHRISTOPHER BUCKLEY, SHIELD #05173, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITY,<br><br>                                                              Defendants. |
| **ANSWER**<br><br>*MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>    *Attorney for Defendants*<br>    *100 Church Street*<br>    *New York, New York  10007*<br><br>    *Of Counsel:  Brooke Birnbaum*<br>    *Tel:  (212) 676-1347*<br>    *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y................................................................ , 200..*<br><br>*........................................................................................ Esq.*<br><br>*Attorney for................................................................................* |