UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FEDERICO CAINAS and DANIEL CAINAS,

                                 Plaintiffs,

          -against-

CITY OF NEW YORK, N.Y.C. POLICE OFFICER
CHRISTOPHER BUCKLEY, SHIELD #05173, AND
N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED
IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL
CAPACITY,

                                 Defendants.

**ANSWER**

07-cv-11401 (SHS)(FM)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendant Christopher Buckley[1] by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to bring this action, invoke the jurisdiction of the Court and to base venue as stated therein.

        3. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

        4. Paragraph "4" of the Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required.

---

[1] On March 14, 2008, defendant City of New York filed its answer to the Complaint.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiffs purport to sue defendants as stated therein.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing by virtue of the laws of the State of New York and that it maintains a police department.

7. Paragraph "7" of the Complaint calls for a legal conclusion rather than stating an averment of fact. Accordingly, no response is required. To the extent a response is deemed required, denies except admits that the City trains its police officers.

8. Denies the allegations set forth in paragraph "8" of the Complaint

9. Denies the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that police officers arrived.

14. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admits that additional officers arrived at the scene.

16. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiff Federico Cainas violated an order of protection.

17. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admits plaintiffs were arrested.

21. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiff Federico Cainas received a summons.

23. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-31" inclusive of this answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1-35" inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

39. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

40. The individually named defendant Christopher Buckley has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

41. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

42. The actions of any police officers involved were justified by probable cause.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

43. This action may be barred in whole, or in part, by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

44. At all times relevant to the incident, defendant acted reasonably and in the proper lawful exercise of his discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

45. Plaintiffs' claims may be barred in whole, or in part, by the applicable limitations period.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

46. Plaintiffs provoked the incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

47. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the state of New York or any political subdivision thereof.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

48. Plaintiffs have failed to comply with conditions precedent to suit under state law.

**WHEREFORE,** defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 1, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorneys for Defendant City of New York
        100 Church Street, Room 3-142
        New York, New York 10007
        (212) 676-1347

By: _____
     Brooke Birnbaum
     Assistant Corporation Counsel

TO:   Steven Hoffner, Esq.
       Attorney for Plaintiffs
       350 Broadway
       Suite 1105
       New York, New York 10013

- 7 -

Index No.  07-cv-11401 (SHS)(FM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| FEDERICO CAINAS and DANIEL CAINAS,<br><br>                                                            Plaintiffs,<br><br>                         -against-<br><br>CITY OF NEW YORK, N.Y.C. POLICE OFFICER CHRISTOPHER BUCKLEY, SHIELD #05173, AND N.Y.C. POLICE OFFICER "JOHN DOE", EACH SUED IN THEIR INDIVIDUAL AND IN THEIR OFFICIAL CAPACITY,<br><br>                                                            Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Brooke Birnbaum*<br>*Tel:  (212) 676-1347*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.............................................................. , 200..*<br><br>*...................................................................................... Esq.*<br><br>*Attorney for................................................................................* |

- 7 -